ABRAHAM STARR et al., appellants,

*v.*

JACK GORMAN, respondent.

[Submitted October 27th, 1944. Decided January 4th, 1945.]

On appeal from a decree of the Court of Chancery advised by Grosman, A. M., who filed the following opinion:

"This is an application by the maternal grandparents for the legal custody of their granddaughter, Barbara Gorman, approximately six years and seven months of age. The respondent is the infant's father. The child's mother is dead.

"The underlying facts are these:

"The defendant married Belle Starr, the daughter of the petitioners, apparently against the united opposition of her family. On February 10th, 1938, she gave birth to Barbara Gorman, the child whose custody is now being sought, and passed away on February 15th, 1938. The child remained at the hospital for a short time and was then taken to the home of her aunt, Mrs. Ceil Levy. Some four months later, she was removed to the home of her maternal grandparents, the petitioners herein, with whom she continued to make her home until the 8th day of November, 1942, when the defendant took the child and refused to return her. The petitioners, thereupon, instituted the present proceedings.

"By order of this court made on the 9th of November, 1942, the child was returned to the custody of the petitioners and the defendant allowed visitation. After considering the matter, I concluded that any change in the child's custody would have to be gradual so as not to unduly upset her. Accordingly, on February 17th, 1943, I directed that for a period of six months the child was to remain with her maternal grandparents and spend some time with her father and his present wife. An order to this effect was entered on the 4th of March, 1943. It was my hope that the parties, out

of consideration for the child would reach some amicable settlement of their difficulties. The grandmother, unwisely, as I believe, encouraged by her daughters, has taken the position that the child is not to be given in to the care of a stepmother; and she stubbornly insists that nothing short of the absolute and unconditional custody of the infant, will satisfy her. The defendant father remarried on August 29th, 1942. His present wife is a lady of unimpeachable character who is willing and anxious to look after her husband's child. He is employed and earns $50 to $65 per week. They occupy a nice three-room apartment and expect to rent larger quarters as soon as such can be found.

"The grandparents' application for custody is based upon their contention that the father abandoned his child and that it would be for the best interests of the infant to remain with them because, they are in a position to give the child more material benefits than is the father. There is no merit to these contentions.

"It is admitted that since the infant's birth, with the exception of several weeks when the father was away on business, he has visited his child daily. It is also conceded that, barring a brief period when the respondent father was out of employment, he has contributed money each week towards the maintenance of the child. He claims that he gave the petitioner, Rose Starr, $10 per week for this purpose. She maintains that his contributions amounted to no more than $5 a week. In my opinion, the amount of the contribution is not so important, as the fact that this man, almost without exception, visited his child each day and contributed regularly towards her support. The petitioners have failed to show any intent on the part of the father to abandon his child. To the contrary, I am satisfied from this man's conduct that he has been unusually devoted to his daughter. The welfare of the child is, of course, the controlling element on an application of this nature. This does not mean, however, that merely because the petitioners are in a position to give the infant more in a material way than is the father, the child should go to them. *In re Judge, 91 N. J. Eq. 395; Giffin* v. *Gascoigne, 60 N. J. Eq. 256.* The welfare of the

child must be considered with due regard only to the father's means and station in life. Grandparents are not entitled to the custody of an infant as against the natural father, who has shown no intent to abandon his offspring and who, from his past conduct, may be expected to bring up the child in accordance with his means and station in life. *Warnecke* v. *Lane, 75 Atl. Rep. 233; Pope* v. *Brown, 3 N. J. Mis. R. 572; 128 Atl. Rep. 851.*

"Petitioners' application for custody will be denied. The care of the infant will be awarded unconditionally to the father. I understand that the respondent has no objection to the child visiting with her grandparents from time to time. Such a provision may be incorporated in the decree."

*Mr. Emanuel Gersten (Mr. Louis B. Zavin,* of counsel), for the appellant.

*Mr. Samuel Levin,* for the respondent.

PER CURIAM.

The decree under review will be affirmed, for the reasons stated in the opinion of Advisory Master Grosman.

*For affirmance*—THE CHIEF-JUSTICE, PARKER, CASE, BODINE, DONGES, PERSKIE, PORTER, COLIE, WELLS, RAFFERTY, HAGUE, THOMPSON, DILL, JJ. 13.

*For reversal*—None.